**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Daniel Sims, | No. CV-19-08311-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 22). Petitioner filed objections to the R&R (Doc. 23); Respondents replied to the objections (Doc. 24); and although not permitted by the rules, Petitioner filed a reply to Respondents' reply (Doc. 25).

**I.      Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not

otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

## II. Review of State Court Decision

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

> To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court that existed at the time of the state court's decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 14 (2003) (citations omitted). A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree on the correctness of the state court's decision.'" *Richter*, 562 U.S. at 101, (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

*Amaral v. Ryan*, No. CV16-00594-PHX-JAT-BSB, 2018 WL 6931889, at *5 (D. Ariz. June 26, 2018) (*Report and Recommendation accepted* 2018 WL 6695951, at *1 (D. Ariz.

Dec. 20, 2018)).

An unreasonable application of law must be "objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks and citation omitted). A petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 419–20 (citation omitted).

## III. Factual and Procedural Background

The R&R recounts the factual and procedural background of this case. (Doc. 22 at 1-3). Neither party objected to this portion of the R&R and the Court hereby accepts it. In short summary, Petitioner was tried by a jury on 10 charges of sexual exploitation of a minor stemming from images on Petitioner's computer. (Doc. 22 at 1-2). Petitioner was convicted and sentenced to three concurrent terms of 15.75 years on three of the charges, and 7 consecutive life sentences on the remaining charges. (*Id.* at 2).

## IV. Claims in the Petition

Petitioner raises 5 claims in his Petition. (Doc. 22). Claim 1 has 2 subparts. Claim 5 has 9 subparts.

### A. Unexhausted Claims

As the R&R recounts, a claim must have been either exhausted in state court, or Petitioner must show a basis to overcome his failure to exhaust a claim in state court before this Court can reach the merits of that claim. (Doc. 22 at 4-12). Neither party objected to the portion of the R&R summarizing the law and the Court hereby accepts it.

The R&R recommended the following conclusions regarding the exhaustion of Petitioner's claims:

> [T]he undersigned concludes that Petitioner properly exhausted his state remedies as to: Ground 5A (investigator); and Ground 5B (witnesses on identifying fakes). Petitioner had no available remedies on his claim in Ground 5I (ineffectiveness of PCR counsel). Accordingly, these claims must be addressed on the merits.
>
> The undersigned also concludes that Petitioner was procedurally barred on an independent and adequate state ground on his claims in: (1)

> Ground 1A (First Amendment overbreadth); (2) Ground 2 (shifting burden of proof); (3) Ground 4 (cruel and unusual punishment)[.]
>
> The undersigned further concludes that Petitioner has procedurally defaulted on: (1) Ground 1B (insufficient evidence re actual children); (2) Ground 3 (denial of witnesses); (4) Grounds 5C (investigation), 5D (work product), 5E (investigate images), 5F (conspiring), 5G (objection), and 5H (appellate counsel).

(Doc. 22 at 22).

Neither party objected to these conclusions regarding exhaustion and the Court hereby accepts them.

The R&R next notes that for the procedurally barred and procedurally defaulted claims, Petitioner must show cause and prejudice or actual innocence to overcome the failure to exhaust the claim. (Doc. 22 at 22-29). The R&R then finds that Petitioner has failed to make either showing. (*Id.*) Thus, the R&R concludes that the unexhausted claims must be dismissed with prejudice. (*Id.* at 28-29). Neither party objects to this portion of the R&R and the Court hereby accepts it.

The Court notes that in his objections, Petitioner reargues the merits of many of these unexhausted claims. (Doc. 23 at 4-6). However, as indicated in the R&R and above, this Court cannot reach the merits of these unexhausted claims unless an excuse to overcome the failure to exhaust is shown by Petitioner. Petitioner makes no objections regarding his failure to exhaust.

Further, Petitioner poses the issue of innocence to the Court in the form of a question: "Is the Petitioner innocent?" (Doc. 23 at 8). In discussing that question, Petitioner make no argument that he is actually innocent. Instead, he offers certain possible justifications for his behavior such as mental illness and that he did not believe the images he had on his computer were illegal. (*Id.*). Such justifications do not equate to actual innocence. Accordingly, the objections related to the unexhausted claims are overruled. Relief on these claims will be denied.

**B.  Exhausted Claims**

As stated above, the R&R found and this Court accepted that Claims 5A (trial

counsel failed to retain an expert to investigate whether the child pornography images depicted actual children), and 5B (trial counsel failed call witnesses identifying fake images) were exhausted before the state courts. As to Claim 5I (ineffectiveness of PCR counsel), the R&R found and this Court accepted that Petitioner has no available state court remedy. Therefore, the Court will turn to the merits of these claims.

As discussed above, the Court will deny relief on these claims unless the state court decision was contrary to or an unreasonable application of clearly established federal law or was an unreasonable determination of the facts. *Lockyer*, 538 U.S. at 71. Each of these exhausted claims is an ineffective assistance of counsel claim based on a different alleged error by counsel. The R&R detailed the law governing ineffective assistance of counsel claims (Doc. 22 at 31). Neither party objected to this summary of the law and the Court hereby accepts it. Specifically, the R&R states:

> Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Petitioner must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 687-88. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id*. at 697.

(Doc. 22 at 31).

### 1.     Claim 5(A) (expert investigator)

The R&R summarizes this Claim as follows: trial counsel failed to retain an expert to investigate whether the child pornography images depicted actual children. (Doc. 22 at 20). The R&R recounted the state court's decision as: "The PCR court simply concluded that because Petitioner made no proffer about what testimony would have come from an expert, there was no prejudice shown, and thus rejected the claim." (Doc. 22 at 31). The R&R then concludes that the state court holding was not contrary to or an unreasonable application of clear established federal law, nor was it an incorrect factual determination. (*Id*.). Accordingly, the R&R recommends that relief on this Claim be denied.

Petitioner objects. (Doc. 23 at 2). He first admits that he is not an expert in the

authenticity of the computer images, but then states that he nonetheless believes that an expert would have found something indicating the images were either manipulated or fake. (*Id.*). Petitioner is basically making the same argument he made before the state court. Specifically, he still makes no proffer of what testimony would have come from an expert; he merely states what he hopes an expert might conclude. On this record, this Court agrees with the state court that Petitioner has failed to show prejudice due to counsel's failure to retain an expert on this topic. Thus, the state court's decision was not contrary to or an unreasonable application of clearly established federal law nor an unreasonable determination of the facts. Thus, Petitioner's objection as to this Claim is overruled and relief on this Claim will be denied.

### 2. Claim 5(B) (witnesses on fake images)

In this Claim, Petitioner argues that his counsel was ineffective for failing to call "other" witnesses on identifying fake computer images. (Doc. 22 at 32). The R&R notes that the parties treat this Claim the same as Claim 5(A). However, the R&R concludes that the state court's decision expressly discussed only "expert" not "other" witnesses. (*Id.*).

Thus, the R&R notes that the state court's decision denied relief on this exhausted Claim but did not give an explicit reason for doing so. (*Id.*). However, this Court cannot discern who these "witnesses" could be that would not be experts. Further, in his objections, Petitioner does not explain who these non-experts on identifying fake images would be, such that this is a different Claim than Claim 5(A). Indeed, in his objections, Petitioner calls these witnesses "other expert witnesses". (Doc. 23 at 3). Thus, this Court agrees with the R&R, the parties, and the state court, that the reasoning as to Claim 5(A) applies equally to Claim 5(B). Accordingly, this Court finds that the state court's decision was not contrary to or an unreasonable application of clear established federal law or an unreasonable determination of the facts. Petitioner's objections still fail to proffer any testimony that would benefit him other than his own speculation. (Doc. 23 at 3). Thus, Petitioner has failed to show prejudice as required by *Strickland*. As a result, Petitioner's objections are overruled and relief on this Claim will be denied.

### 3. Claim 5I (post-conviction relief counsel)

The R&R recommends that this Court deny relief on this claim because ineffective assistance of counsel in collateral post-conviction relief proceeding cannot form the basis for habeas relief. (Doc. 22 at 33 quoting 28 U.S.C. § 2254(i)). Petitioner does not object to the R&R's legal conclusion. (Doc. 23 at 6). Instead, Petitioner explains to the Court his argument for why his post-conviction relief counsel was ineffective. (*Id.*). Petitioner's factual arguments cannot overcome this legal bar to relief. Accordingly, Petitioner's objections are overruled and relief on this claim will be denied.

### V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. 22) is accepted; Petitioner' objections (Doc. 23) are overruled,[1] the Petition is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the portions of the Petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Dated this 4th day of October, 2021.

James A. Teilborg
Senior United States District Judge

---

[1] As indicated above, Petitioner filed a reply to Respondents' reply to Petitioner's objections, which is not authorized by the Rules. (Doc. 25). Nonetheless, the Court reviewed Doc. 25 and finds that none of the arguments therein changes the outcome in this case.